IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01247-MEH

SEAN CLEARY,

Plaintiff,

v.

WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST L.P.,

Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 23 [filed October 18, 2016; ECF No. 30]. The motion is fully briefed, and the Court finds that oral argument will not assist in its adjudication of the motion.[1] Because Defendant has not shown that it would be impossible for Plaintiff to certify a class in this case, Defendant's Motion is denied.

## BACKGROUND

Plaintiff filed his Complaint on June 12, 2015. Compl., ECF No. 1. On August 11, 2015, the Court administratively closed the case for the duration of the EEOC investigation. *See* ECF No. 20. On August 4, 2015, the EEOC issued its determination letter, which found that reasonable cause exists to believe Defendant discriminated against a nationwide class of individuals. *See* Mot. to Reopen Case 2, ECF No. 21. Because the determination letter ended the EEOC investigation, the Court reopened the case on September 27, 2016. ECF No. 25.

[1]On June 26, 2015, the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) and D.C. Colo. LCivR 40.1(c). ECF No. 12.

On the same day that the Court reopened the case, Plaintiff filed the operative Amended Complaint, which brings claims for employment discrimination and retaliation under the Americans with Disabilities Act ("ADA"). Am. Compl. ¶¶ 54–71, ECF No. 27. Plaintiff alleges Defendant discriminated against him by failing to provide reasonable accommodation for a neck injury he suffered during an automobile accident. *Id.* at ¶¶ 25, 55, 62. Plaintiff's retaliation claim asserts Defendant subjected Plaintiff to retaliatory treatment and ultimately terminated his employment after he filed a charge of discrimination with the EEOC. *Id.* at ¶¶ 65–68.

Additionally, the Amended Complaint seeks discovery to identify a potential class of individuals who Defendant may have discriminated against. *Id.* at ¶¶ 16–20, 22–24, 75–78. According to Plaintiff, "[a] currently unknown number . . . of employees may have fallen victim to [Defendant's] discriminatory policy," which allegedly prohibited an injured employee from returning to work until a doctor approved him to work without any physical restrictions. *Id.* at ¶ 22. Plaintiff requests discovery to determine the identity and other facts about these potential class members—information which the EEOC has withheld as confidential. *Id.* at ¶¶ 77–78.

On October 11, 2016, Defendant filed its Answer to Plaintiff's Amended Complaint. Answer, ECF No. 29. On October 18, 2016, Defendant filed the present Motion, which seeks an order striking Plaintiff's allegations regarding a potential class action and denying Plaintiff's request to conduct discovery into class certification. Def.'s Mot to Strike, ECF No. 30.

**LEGAL STANDARDS**

Although the Tenth Circuit has not articulated a specific standard for motions to strike class allegations, courts in this District and around the country have held that "'Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny class certification.'" *Wornicki v.*

*Brokerpriceopinion.com, Inc.*, No. 13-cv-03258-PAB-KMT, 2015 WL 1403814, at *4 (D. Colo. Mar. 23, 2015) (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009); *Francis v. Mead Johnson & Co.*, No. 10-cv-00701-JLK, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010); *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991).

However, motions to strike class allegations before discovery commences under Rule 23(d)(1)(D) or Rule 12(f) are generally disfavored.[2] *Francis*, 2010 WL 3733023, at *1; *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013). "[I]n most circumstances, it is appropriate for courts to allow discovery before determining whether class certification is appropriate." *Wornicki*, 2015 WL 1403814, at *4; *see also Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."), *overruled on other grounds by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978). Therefore, when ruling on motions to strike class allegations, courts in this District have

---

[2] Whether brought under Rule 23(d)(1)(D) or Rule 12(f), courts generally hold pre-discovery motions to strike class allegations to the same standard. *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-cv-02432-WYD-KMT, 2013 WL 5448078, at *2 (D. Colo. Sept. 27, 2013) (analyzing a Rule 23(d)(1)(D) motion to strike class allegations under the Rule 12(f) standard for motions to strike); *Semenko v. Wendy's Intern., Inc.*, No. 12-cv-0836, 2013 WL 1568407, at *2–3 (W.D. Pa. Apr. 12, 2013) (analyzing a motion to strike class allegations brought under Rules 12(f) and 23, and stating that "courts rarely grant motions to strike . . . prior to class discovery, doing so only where '*no amount of additional class discovery will alter the conclusion*' that the class is not maintainable." (quoting *Thompson v. Merck & Co., Inc.*, No. 01-1004, 2004 WL 62710, at *2 (E.D. Pa. Jan. 6, 2014))). *Compare Francis*, 2010 WL 3733023, at *1 (stating that to prevail on a Rule 12(f) motion to strike, the defendant "must demonstrate from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs." (internal quotation marks omitted)), *with Bryant*, 774 F. Supp. at 1495 (stating that for the defendants to prevail on their motion for denial of class certification under Rule 23, which argued that certification was improper as a matter of law, they would have to demonstrate that it would "be impossible to certify the classes alleged by the plaintiffs . . . .").

held that the "[d]efendant must demonstrate from the face of the plaintiffs' complaint that it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove." *Francis*, 2010 WL 3733023, at *1 (internal quotation marks omitted); *see also Wornicki*, 2015 WL 1403814, at *4 (stating that a defendant cannot prevail on a motion to strike class allegations unless it is "able to show conclusively that [the] plaintiffs will be unable to establish facts that would make class treatment appropriate").

**ANALYSIS**

Defendant argues that this Court should strike the class allegations in Plaintiff's Amended Complaint, because it would be impossible for Plaintiff to assert an action establishing the elements of an ADA employment discrimination claim, while at the same time satisfying Rule 23's commonality requirement. Def.'s Mot. 5–6. To assert a claim for discrimination under the ADA, Plaintiff must show: "'(1) that he is disabled within the meaning of the ADA; (2) that he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) that he was discriminated against because of his disability.'" *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1188 (10th Cir. 2003) (quoting *McKenzie v. Dovala*, 242 F.3d 967, 969 (10th Cir. 2001)). To satisfy Rule 23's commonality requirement, Plaintiff must show his and the class members' claims "depend upon a common contention" that it is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). According to Defendant, because the elements of an ADA claim demand an individualized assessment of each class member's disability, "employment discrimination claims arising under the [ADA] like Plaintiff's are – as a matter of law – improper for class certification." Def.'s Mot. 2. In response, Plaintiff argues the case law does not support the contention that ADA accommodation claims can never be brought as

class actions, and thus, discovery may reveal a set of facts that justifies certification of a class. Pl.'s Resp. to Def.'s Mot. to Strike 4–5, ECF No. 36.

The Court agrees with Plaintiff and holds that it would be improper to strike Plaintiff's class allegations at this time. Defendant principally relies on *Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999) for its assertion that class actions are improper in the ADA employment discrimination context. However, *Davoll* does not support the contention that class certification is never proper in ADA employment suits. In *Davoll*, the Tenth Circuit considered whether the district court acted within its discretion when it denied certification of the plaintiff's proposed class, which included "present and future members of the Denver Police Department who have or will have disabilities [or] who have been or will be denied reasonable accommodation of their disabilities . . . ." *Id.* at 1146. The court affirmed the district court's discretionary denial of the plaintiff's motion for class certification, because determining whether each individual class member was disabled in this case would have required the district court to conduct individualized inquiries into each member's ailment. *Id.*

However, the *Davoll* court noted that class certification may be appropriate in other ADA discrimination cases. The court explained:

> We understand plaintiffs' concern that by denying their class certification motion and upholding the United States pattern and practice action, this decision may be interpreted as holding that only the government can bring a class-wide ADA employment suit. Such an interpretation would be unfounded. Given the deferential standard by which we review class certification, *it is possible the district court could have certified the class in its discretion*, or could have modified the proposed definition so that it was sufficiently definite.

*Id.* at 1146–47 n.20 (emphasis added). Therefore, the Tenth Circuit specifically recognized not only that an employment discrimination class action under the ADA is possible, but that the district court

would have been acting within its discretion to certify the fairly broad class definition in that case, which included all employees with disabilities. *Id.* at 1446.

Moreover, courts in other jurisdictions have certified classes in ADA employment discrimination suits. In *Bates v. United Parcel Service*, the court certified a class of employees that had allegedly been discriminated against because of their hearing disabilities. 204 F.R.D. 440, 449 (N.D. Cal. 2001). Similarly, in *Wilson v. Pennsylvania State Police Department*, the court certified a class of police officers that had allegedly been discriminated against because of their visual impairments. No. 94-cv-6547, 1995 WL 422750, at *5 (E.D. Pa. July 17, 1995). In this case, after learning each potential plaintiffs' identity and disability during discovery, Plaintiff could potentially propose a class of individuals with substantially similar disabilities that had been denied accommodations by Defendant pursuant to Defendant's alleged policy. Because the proposed class would be similar to those in *Bates* and *Wilson*, and even more definite than that in *Davoll*, this court would be acting within its discretion to certify the class. Without the benefit of discovery, Plaintiff has no means to know whether such a class exists.

Defendant also relies on *Hohider v. United Parcel Service, Inc.*, where the Third Circuit reversed the district court's certification of a class of employees bringing an ADA discrimination claim. 574 F.3d 169, 185–86 (3rd Cir. 2009). The plaintiff's proposed class definition included all "persons throughout the United States who . . . have been absent from work because of medical reasons" and have attempted to return to work. *Id.* at 174. According to the court, this class definition would require individualized and divergent inquiries that are contrary to the nature of Rule 23. *Id.* However, because the *Hohider* court was determining an appeal on the plaintiffs' motion for class certification, the parties had already gone through discovery and still could not define a

more definite class. Here, Plaintiff has not had the benefit of discovery. Given the individualized nature of ADA employment discrimination claims, it is quite possible that Plaintiff will be unable to define a sufficiently definite class of individuals after discovery. However, the Court finds it is at least possible that Plaintiff will learn facts during discovery sufficient to define a definite class under Rule 23.

## CONCLUSION

In sum, because discovery may provide Plaintiff with the facts necessary to assert a class action, the Court finds it improper to strike the class allegations from the Amended Complaint at this time. Accordingly, Defendant's Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 23 [filed October 18, 2016; ECF No. 30] is **denied**.

Entered and dated at Denver, Colorado, this 5th day of December, 2016.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge